# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LATONYA LANETTE CARSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-211-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

LaTonya Lanette Carson was convicted by a jury of conspiracy to commit theft of public funds, access device fraud, and wire fraud; aggravated identity theft and aiding and abetting; conspiracy to money launder; money laundering and aiding and abetting; and wire fraud and aiding and abetting. In this appeal, Carson challenges the district court's relevant conduct findings with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11029

regard to the extent of the loss for which she was held accountable at sentencing.

The amount of loss resulting from a fraud offense is a specific offense characteristic that increases a defendant's base offense level.  U.S.S.G. § 2B1.1(b)(1); *United States v. Isiwele*, 635 F.3d 196, 202 (5th Cir. 2011).  A defendant's relevant conduct is considered in determining her guidelines sentencing range.  U.S.S.G. § 1B1.3(a).  A defendant is responsible only for the amount of loss that was reasonably foreseeable to her and within the scope of her agreement.  § 1B1.3(a)(1)(B) & comment. (n.3).  Our review is for clear error.  *See United States v. Hull*, 160 F.3d 265, 269 (5th Cir. 1998).

The district court need only make "a reasonable estimate of the loss," based on its assessment of the evidence in the case, and its loss calculation is entitled to appropriate deference.  *United States v. Hebron*, 684 F.3d 554, 560 (5th Cir. 2012) (citing § 2B1.1, comment. (n.3(C))).  "The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence."  *United States v. Hearns*, 845 F.3d 641, 649 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 137 S. Ct. 2143 (2017).  We "will not upset these findings unless they are implausible in light of the record as a whole."  *Id.* (internal quotation marks and citation omitted).

Carson contends that the district court failed to give adequate consideration to the question whether there was a jointly undertaken criminal activity with respect to the losses that were attributed to her.  The court determined incorrectly, she contends, that this factor was satisfied because she was convicted of conspiracy.  Carson asserts that she should have been held

No. 17-11029

responsible only for sums laundered through two bank accounts that she opened.

The record does not support Carson's contention that the district court did not give adequate consideration to the question whether she had engaged in a jointly undertaken criminal activity, as that question was squarely presented to the court and rejected. The court found implicitly that the losses related to fraudulent tax returns filed by coconspirators under two Electronic Filing Identification Numbers (EFINs) were within the scope of Carson's jointly undertaken criminal activity. *See United States v. Carreon*, 11 F.3d 1225, 1231 & n.14 (5th Cir. 1994) (stating that relevant conduct findings need not be explicit and may be implied from adoption of the presentence report). That finding was not clearly erroneous. *See Hull*, 160 F.3d at 269. The judgment is AFFIRMED.